IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>$32,780.00 IN UNITED STATES CURRENCY,<br><br>Defendant,<br><br>RAYMOND G. RIVERA,<br><br>Claimant. | **8:15CV131**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the objections of the claimant, Filing No. 34, to the Findings and Recommendation of the Magistrate Judge, Filing No. 32, denying claimant's motion to suppress evidence, Filing No. 14. The magistrate judge recommended that the claimant's motion to suppress be denied. Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court has conducted a de novo determination of those portions of the Findings and Recommendation ("F&R") to which the claimant objects. *United States v. Lothridge*, 324 F. 3d 599, 600-01 (8th Cir. 2003).

**BACKGROUND**

The recitation of the facts by the magistrate judge is generally not disputed. The Court carefully reviewed these findings and will adopt them in this Memorandum and Order unless otherwise stated. With that in mind, the Court will briefly summarize the facts.

While working on Interstate 80 in Nebraska, Deputy Eric Olson, a canine officer, noticed a vehicle he believed to be driving approximately 66-67 miles per hour in a 60

mile per hour zone. He also observed the vehicle crossing the white line and driving on the shoulder. Deputy Olson effectuated a stop. Inside the car he found the driver, Adam Watson, and two passengers, Richard Aguirre, the front seat passenger, and Raymond Rivera, the back seat passenger.

Deputy Olson spoke with Watson and asked him to return with him to the police vehicle. Watson did so. Deputy Olson asked Watson about his trip, itinerary, and how the three persons knew each other. Watson responded stating they were driving from California to Washington, D.C. to see the Statue of Liberty, for one day only, and then returning to California. Watson indicated he was driving a rental car, but he could not find a rental agreement. Thereafter, Deputy Olson returned to the vehicle and talked with both Aguirre and Rivera. He asked for their identification and asked about their itinerary. They indicated they had visited the White House and the Statue of Liberty. Both Aguirre and Rivera responded when asked stating that they had nothing illegal in the vehicle. Rivera admitted he had been arrested for "all kinds of different things" but did not mention drugs. Deputy Olson asked if they had any large amounts of cash. Rivera indicated he had $30,000 in the vehicle, in case he decided to buy a car. Deputy Olson returned to his cruiser, conducted criminal history checks on the passengers, and he then asked Watson if there were any large amounts of cash in the car. Watson indicated he did not think so. When Deputy Olson asked Watson if they looked for vehicles while in D.C., Watson indicated he did not, but the other two made some calls and Rivera might have looked at one. Watson was uncertain.

While the record check was being conducted, Deputy Olson contacted Officer Troy Liebe for assistance. Officer Liebe is likewise a canine handler. Deputy Olson

2

completed his background check and gave Watson a warning ticket. Deputy Olson also asked Watson if he would be willing to answer some more questions. Watson agreed until Deputy Olson asked if he could search the vehicle. Watson then indicated he would like to get going. However, Deputy Olson told Watson he intended to walk a canine around the car. Watson replied "okay". Filing No. 26, Transcript, p. 31. Deputy Olson then told Officer Liebe about Rivera's prior drug arrests, the $30,000 and the unusual travel story. When asked, Rivera told the officers his $30,000 was in a pouch in the back seat on the floor. K-9 Fletch alerted three times on the right passenger side of the vehicle. He indicated to the odor of narcotics. When asked why the dog would alert, Rivera said there might be some remnants of a marijuana cigarette. The vehicle was searched and the officers found $32,780.00 in cash in the bag as well as a marijuana cigarette. They also found a food saver machine in the trunk, allegedly for wrapping sandwiches, and a rental agreement which showed Watson rented the vehicle. Deputy Olson took the currency and Rivera into custody.

**FACTUAL AND LEGAL FINDINGS OF THE MAGISTRATE JUDGE**

The magistrate judge determined that Rivera no had standing to challenge the search of the car, as there was no indication that Rivera had any interest in the car, nor had he rented the car. "It is well-established that 'Fourth Amendment rights are personal rights that may not be asserted vicariously.'" *United States v. Anguiano*, 795 F.3d 873, 878 (8th Cir. 2015) (*quoting United States v. Barragan*, 379 F.3d 524, 529 (8th Cir. 2004)). "An individual asserting Fourth Amendment rights must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." *Anguiano*, 795 F.3d at 878 (internal quotations omitted). The magistrate

judge found that a one-time use of the car while in Washington D.C. did not rise to the level so as to provide standing to challenge the search.

The magistrate judge found differently, however, with regard to the suitcase owned by Rivera. "The owner of a suitcase located in another's car may have a legitimate expectation of privacy with respect to the contents of his suitcase." *United States v. Buchner*, 7 F.3d 1149, 1154 (5th Cir. 1993); *United States v. Barber*, 777 F.3d 1303, 1305 (11th Cir. 2015) (concluding passenger who did not have standing to contest the search of the car nevertheless had standing to challenge the search of his bag, which contained his business cards, computer flash drives, and photographs of his children); *United States v. Iraheta*, 764 F.3d 455, 461-62 (5th Cir. 2014) (concluding passengers in a car had standing to challenge search of their luggage); *United States v. Edwards*, 632 F.3d 633, 641-42 (10th Cir. 2001) (concluding defendant lacked standing to challenge the search of a rental car because he was not an authorized driver on the rental agreement; however he did have standing to challenge the search of his luggage located in the rental car's trunk). The magistrate judge found that Rivera had a legitimate expectation of privacy in his bag sufficient to permit him to challenge the search.

Next, the magistrate judge determined that Rivera had no right to challenge the traffic stop. The magistrate judge first found that traveling over the speed limit and driving on the fog line and onto the shoulder were perfectly legitimate reasons for the stop. *See* Neb. Rev. Stat. § 60-6,186(1)(e); Neb. Rev. Stat. § 60-6,142.

The magistrate judge further found that the detention of the driver and two passengers was justified. The magistrate determined that Deputy Olson became aware

of facts that made him suspicious that criminal activity might be afoot. These facts included an odd explanation of their trip, the use of a rental car, the admission of $30,000 in cash in the car, and the discovery that Rivera had prior arrests for drug-related offenses. *See Rodriguez v. United States*, 135 S. Ct. 1609, 1614-15 (2015) (holding police may extend an otherwise-completed traffic stop in order to conduct a canine sniff if the officer has reasonable suspicion); *Quintero-Felix*, 714 F.3d 563, 567 (8th Cir. 2013) (holding the existence of reasonable suspicion allows an officer to extend the duration and scope of a traffic stop).

Last, the magistrate judge determined that the warrantless search of the vehicle was lawful. "Under the automobile exception to the Fourth Amendment, police may conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains contraband or other evidence of a crime." *United States v. Winarske*, 715 F.3d 1063, 1068 (8th Cir. 2013) (internal quotations omitted). "Assuming that the [canine] is reliable, a [canine] sniff resulting in an alert on a container, car, or other item, standing alone, gives an officer probable cause to believe that there are drugs present." *United States v. Donnelly*, 475 F.3d 946, 954-55 (8th Cir. 2007); *see also United States v. Sundby,* 186 F.3d 873, 875-76 (8th Cir. 1999). A drug detection canine is considered reliable when it has been "trained and certified to detect drugs." *United States v. Winters,* 600 F.3d 963, 967 (8th Cir. 2010) (*quoting Olivera-Mendez,* 484 F.3d at 512). The magistrate judge concluded that the dog alerted and that the dog, Fletch, was trained and certified to detect drugs. Accordingly, the Court determined that after the alert the officers were entitled to search the car and the bag.

**OBJECTIONS**

The claimant objects to the following findings and recommendations of the magistrate judge: 1) That Claimant failed to establish a sufficient connection to the vehicle to have standing to contest the search of the vehicle; 2) That the deputy did not unreasonably extend the length of the stop; 3) That the deputy had reasonable suspicion to extend the duration and scope of the traffic stop after it was completed; 4) That the deputy had probable cause to search the vehicle and containers; 5) That the deputy had probable cause to search Claimant's bag. Filing No. 34.

**DISCUSSION**

The Court agrees with the magistrate judge on his factual findings and conclusions of law. Rivera has no standing to challenge the search of the car. He does have standing to challenge the search of his bag, his detention, and the legality of the stop. There is no doubt the stop was legal. There is no doubt the detention was legal and permitted to enable the officers to conduct routine investigatory questions and obtain information. Police may not extend an otherwise-completed traffic stop, absent reasonable suspicion, in order to conduct a canine sniff. *See* Rodriguez, 135 S. Ct. at 1614-15. However, in this particular case, the facts (prior drug arrests, the $30,000 and the unusual travel story) clearly gave the officers reasonable suspicion as found by the magistrate judge. The K-9 clearly alerted. The search was likewise legal, as the officers had probable cause to believe the vehicle contained contraband. *Winarske*, 715 F.3d 1068.

THEREFORE, IT IS ORDERED THAT:

1. The claimant's motion to suppress, Filing No. 14, is denied;

2. The magistrate judge's findings and recommendation, Filing No. 32, is adopted

in its entirety; and

3.  The objections of the claimant, Filing No. 34, are overruled.


Dated this 29th day of January, 2016

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge
